**IN THE COURT OF APPEALS OF IOWA**

No. 25-1179
Filed October 15, 2025

**IN THE INTEREST OF B.C. and B.C.,**
**Minor Children,**

**J.P., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Patrick McAvan,

Judge.


        A mother appeals the termination of her parental rights to her children under

Iowa Code section 232.116(f) (2024).  **AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant mother.

        Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

        Rebecca L. Petig of Bierman & Petig, P.C., Grinnell, attorney and guardian

ad litem for minor children.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**SANDY, Judge.**

The juvenile court terminated the mother's and father's parental rights to a child born in 2018 and the parental rights of the same mother and any putative father to a child born in 2020. The mother appeals.[1] She challenges the determination that termination is in the children's best interest and the refusal to grant a six-month extension to reunify.

## I. Background Facts and Proceedings.

The mother in this case has a long history of substance abuse. When B.C.1[2] was born in 2018, the mother tested positive for benzodiazepine despite not having a prescription for it. She also admitted to using marijuana and Xanax during her pregnancy. The mother successfully completed substance-use treatment and participated in outpatient recovery services.

B.C.2 was born in 2020. A test of B.C.2's umbilical cord after birth was positive for marijuana, and the mother admitted she used marijuana during the final two months of her pregnancy. The mother successfully completed voluntary services without court involvement.

The Iowa Department of Health and Human Services became involved with the family in December 2022 after a report alleging the mother had been using methamphetamine while providing care for the children. The State soon petitioned the court to adjudicate B.C.1 and B.C.2 to be children in need of assistance (CINA). The children were adjudicated CINA in March 2023 and legal custody placed with

---

[1] The juvenile court's order also terminated the father's parental rights, but he did not appeal. No putative father of the younger child appealed.
[2] Because the children both have the initials B.C. we will use B.C.1 and B.C.2 to distinguish.

their mother and B.C.1's biological father. The department monitored that placement on behalf of the court. In January 2024, the children were removed from the home due to ongoing concerns of substance use and domestic abuse.

In 2024, the mother tested positive for numerous illicit substances on multiple occasions. In May, she tested positive for methamphetamine, amphetamine, benzoylecgonine, and cotinine (the metabolite for cocaine). In June, she tested positive for the same substances but denied use. In August, she tested positive for methamphetamine, amphetamine, and oxycodone, and failed to participate in a request for random drug testing later that month. In October, she tested positive for methamphetamine, amphetamine, and THC. In December, the mother tested positive for methamphetamine and marijuana. In early 2025, the mother entered and left an inpatient substance-abuse treatment program multiple times without successfully completing the program. In April, the week before the termination trial, the mother tested positive for methamphetamine, amphetamine, and THC. The mother has been unable to maintain sobriety.

In addition to drug use, instances of domestic disputes and violence between the mother and father (in the presence of the children) have been pervasive. These instances include the father destroying property in front of the children, and the mother hitting the father in front of the children. Despite the parents being separated and having a no-contact order in place at the time of the trial, the two continue to see one another.[3]

---

[3] The father gave the mother a ride to the termination trial, for example.

The juvenile court terminated the mother's and father's parental rights to the children under Iowa Code section 232.116(1)(f) (2024).

## II. Standard of Review.

We review juvenile court orders terminating parental rights de novo. *In re J.V.*, 13 N.W.3d 595, 603 (Iowa 2024).

## III. Discussion.

We use a three-step process to determine whether a statutory ground has been established, if the termination is in the child's best interest, and if any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). The mother does not challenge the juvenile court's determination that a statutory ground has been established, or that any permissive exceptions apply that would preclude termination. We therefore will only analyze her claims that termination is not in the best interest of the children and that a six-month extension to allow for reunification is warranted.

### A. Best Interest

We apply the best-interest framework set out in Iowa Code section 232.116(2). In doing so, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We consider the children's long-term and immediate interests. *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020). We must look at what the future may hold for the children if they were returned to their parents' care. *Id*. We do this by looking to a parent's past performance as it can help predict the quality of care the parent is able to provide. *Id*.

The mother argues that she is emotionally attached to the children and that she has made her best efforts to comply with department requirements. She further argues that she has attended in-patient treatment and has not been afforded an opportunity to implement her parenting skills and sobriety after her stay in treatment. She has also obtained a no-contact order against the father.

Despite the mother's arguments, we find termination is in the children's best interest. We are largely concerned with the continued substance use and domestic violence that are pervasive in the mother's household. The mother's inability to successfully engage in or use services offered by the department is troubling. The mother has been frequently in and out of treatment and has had numerous opportunities to implement parenting and sobriety skills. Yet, the environment of ongoing substance use and domestic abuse prohibits implementation of those skills. The children had been removed from the mother for fifteen months at the time the court issued its ruling.

At the trial, the department's assigned case manager testified that she had significant concerns regarding the children's safety in the home based on the history of the family. In particular, she was concerned about the ongoing domestic violence between the parents. The case manager testified that she believed termination was in the best interest of the children even though the department had been involved with the family for multiple years. The mother tested positive for illegal substances throughout 2024 and as recently as a week before the termination trial despite representing to the case manager and her substance-use treatment provider that she was no longer using drugs. The mother has been unsuccessfully discharged from multiple substance-treatment programs.

The ongoing domestic violence issues worry us. Although the father does not appeal the termination of his parental rights, we are still concerned that exposure to domestic violence may continue to affect the children if the mother were to regain custody. We are not convinced the mother will be able to shield the children from the presence of domestic violence given her continued relationship with the father notwithstanding the no contact order.

**B. Six-Month Extension**

The mother contends that she should be given a six-month extension to pursue reunification with the child under Iowa Code section 232.104(2)(b). This is an option available to us under Iowa Code section 232.117(5), which permits the juvenile court to deny termination and enter a permanency order under section 232.104. But we will only grant this option "if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)).

The department has been involved with this family and has offered the mother services for the last two and a half years. Yet there has been little progress to show for it. We have no reason to believe that the situation will improve in six months. A child should not be forced to wait for their parent to be able to take care of them, especially when there is so little evidence to rely on to believe the circumstances will improve in six months. *In re M.M.*, No. 15-0214, 2015 WL 1332330, at *2 (Iowa Ct. App. 2015). An extension is not warranted.

**AFFIRMED.**